IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,  ) | CR-08-042-1-PHX-PGR (LOA) |
| ) | |
| Plaintiff, ) | **REPORT AND RECOMMENDATION** |
| ) | |
| vs. ) | |
| ) | |
| Anthony Manuel, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |
| Gila River Indian Community, ) | |
| ) | |
| Garnishee ) | |
| ) | |
| _____ ) | |

This closed criminal case is before the District Court on Defendant Anthony Manuel's *pro se* letter, requesting a hearing in response to a writ of garnishment.[1] (Doc. 26) Defendant indicates he has been making quarterly restitution payments through the Bureau of Prisons' Financial Responsibility Program. (*Id*.) He informs the Court the payments he currently makes "[a]re within my budget. [My] per capita [gaming money] is my only means of income. I have a Mother and Daughter who are dependants. Due to my making sufficient

---

[1] The United States may properly seek a civil garnishment order under a defendant's criminal docket number to enforce a prior judgment of restitution under the Mandatory Victim Restitution Act without filing a separate civil action. *United States v. Mays*, 430 F.3d 963, 965 (9th Cir. 2005) (citing with approval *United States v. Scarboro*, 352 F.Supp.2d 714, 717 (E.D. Va. 2005)).

payments, I feel there need not be a change in the payment plan I already have." (*Id.*) This Magistrate Judge construes Defendant's letter as a request for a garnishment hearing pursuant to 28 U.S.C. § 3202(d). The United States opposes the motion, "request[ing] that Defendant's request for a hearing be denied." (Doc. 27 at 5) This motion was referred to the undersigned Magistrate Judge on May 21, 2013, "to conduct a hearing and to make appropriate findings and orders[]" by the Honorable Paul G. Rosenblatt, the assigned Senior United States District Judge. (Doc. 28)

**I. Background**

The District Court's docket reflects that, on August 11, 2008, a criminal judgment was entered against Defendant, finding him guilty of Assault Resulting in Serious Bodily Injury (Count 3), a Class C felony, and resulting in Defendant's commitment to "[t]he custody of the Bureau of Prisons for a term of **NINETY (90) MONTHS**[.]" (Doc. 20) (emphasis in original). As part of the criminal judgment, Defendant was ordered to pay $100.00 in a mandatory special assessment and $28,162.89 in restitution, totaling $28,162.89 in criminal monetary penalties, which were "due immediately." (*Id.* at 1) "Upon release from imprisonment, the defendant shall be placed on supervised release for a term of THREE (3) YEARS on Count THREE." (*Id.*) Because Defendant did not have the ability to pay a fine, it was waived. (*Id.*) Judge Rosenblatt directed that payments be made pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. "Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows: Balance is due in equal monthly installments of $100 over a period of 34 months to commence 60 days after the release from imprisonment to a term of supervised release." (*Id.*) Judge Rosenblatt also ordered that if incarcerated, which Defendant is, payment of criminal monetary penalties are due during his imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. (*Id.*) According to the Government, the current balance due on the judgment is $28,087.29 as of April 18, 2013. (Doc. 27 at 1-2)

On April 22, 2013, and pursuant to 28 U.S.C. § 3205(b)(1), the Government filed an

Application for Writ of Garnishment on the judgment entered against Defendant directed to the Gila River Indian Community ("Gila River"), headquartered in Sacaton, Arizona, seeking garnishment of $28,087.29 belonging to Defendant as of April 18, 2013. (Doc. 22) The Government alleges the Garnishee "[h]a[s] possession of property in which the debtor has a substantial nonexempt interest, and it is believed that Garnishee will continue to have possession of property for which Garnishee is or may become indebted to the debtor." (*Id*. at 1-2) The next day, the Clerk of Court issued a writ of continuing garnishment, notified Gila River of the writ with instructions that Gila River answer the writ, sent Defendant notice of its issuance along with instructions on how to file objections, request a hearing, or request a transfer to the district of Defendant's residence. (Doc. 23)  On April 26, 2013, the Government filed a Notice of Service, certifying that a copy of the writ, along with the initial Clerk's Notice to Judgment Debtor and instructions were sent to the Judgment Debtor (Defendant) by certified mail and first-class mail on April 26, 2013, at his last known address. (Doc. 24)

On May 9, 2013, Garnishee Gila River filed an answer, indicating it held property (per capita funds) in which Defendant has an interest in the form of "Quarterly Per Capita Payments pursuant to the Gila River Indian Community Revenue Allocation Ordinance, GRIC Code, Title 22, Chapter 13." (Doc. 25, ¶ 2 at 1) (emphasis omitted). Gila River described the value of the property as "[a] small percentage of net gaming revenues as required under the Indian Gaming Regulatory Act, 25 U.S.C. § 2701. The exact value of each payment is unknown until shortly before the payment dates." (*Id*., ¶ 3) (emphasis omitted).  Gila River "anticipates being indebted to [Defendant] as follows: January 31, April 30, July 31, and October 31 of every year [Defendant] opts into the Per Capita payment program." (*Id*., ¶ 5 at 2) (emphasis omitted). Garnishee agrees it "[w]ill withhold per capita payments for Defendant/Judgment Debtor beginning with the next payment period (denoted in Paragraph 5) and transmit the same as ordered by the Court until such time as Garnishee is notified that the obligation has been satisfied." (*Id*., ¶ 7 at 2)

**II. Garnishment**

1  Under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663(a), the Government may collect on a restitution judgment using the procedures available for the collection of criminal fines outlined in 18 U.S.C. § 3613(a), *see* 18 U.S.C. §§ 3613(f) and 3664(m), and "may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law[.]" *United States v. Berger*, 574 F.3d 1202, 1204 (9th Cir. 2009) (quoting 18 U.S.C. § 3613(a)). "The Federal Debt Collection Procedures Act of 1990 ('FDCPA') is such a statute." *United States v. Gianelli*, 543 F.3d 1178, (9th Cir. 2008), *cert. denied*, 129 S.Ct. 1396 (2009). The FDCPA, 28 U.S.C. §§ 3001-3308, "provides the exclusive civil procedures for the United States to . . . recover a judgment on a debt." 28 U.S.C. § 3001. *Id.*; *United States v. Mays* 430 F.3d 963, 965 (9th Cir. 2005). The FDCPA's definition of "Debt" includes "[a]n amount that is owing to the United States on account of . . . restitution . . . ." 28 U.S.C. § 3002(3)(B); *see also United States v. Mays*, 430 F.3d 963, 965 (9th Cir. 2005) (concluding that the FDCPA's civil enforcement remedies may be used to enforce orders of restitution entered under the MVRA). The FDCPA further provides that it "preempt[s] State law to the extent such law is inconsistent." 28 U.S.C. § 3003(d).

Under the FDCPA, the United States is required to provide the judgment debtor, here the Defendant, with notice of the commencement of a post-judgment garnishment proceeding as provided for by 28 U.S.C. § 3202(b). The judgment debtor then has twenty days following receipt of the notice to request a hearing. *Id*. Defendant does not assert one or more of the limited reasons a hearing is permitted under 28 U.S.C. § 3202(d).

If a garnishment hearing were held in this case, the issues to be considered are quite limited. Section 3202(d) provides, in relevant part:

> [T]he issues at such hearing shall be limited--
>
> (1) to the probable validity of any claim of exemption by the judgment debtor;
>
> (2) to compliance with any statutory requirement for the issuance of the post-judgment remedy granted; and
>
> (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to-

- 4 -

>> (A) the probable validity of the claim for the debt which is merged in the judgment; and
>
> (B) the existence of good cause for setting aside such judgment.
>
> This subparagraph shall not be construed to afford the judgment debtor the right to more than one such hearing except to the extent that the Constitution or another law of the United States provides a right to more than one such hearing.

28 U.S.C. § 3202(d); *see also United States v. Baugus*, 310 Fed.Appx. 120 (9th Cir. 2009) ("[W]e conclude that any error was harmless in light of the district court's subsequent correct ruling that Baugus was not entitled . . . to a hearing, *see* 28 U.S.C. § 3202(d)."); *United States v. Pedro*, 2011 WL 2262226, at *2 (D.Ariz. May 16, 2011) (denying a hearing) (citing, *inter alia*, *United States v. Tanya Marie Smith*, 88 Fed.Appx. 981, at *1 (8th Cir. 2004) (noting that issues at a garnishment hearing are "limited to determining validity of any claim of exemption, government's compliance with statutory requirements and validity of default judgment.").

**III. Discussion**

In this case, because Defendant's indebtedness (restitution) has been reduced to judgment, the scope of any hearing is limited to the validity of any claim of exemption and the Government's compliance with the statutory requirements for the garnishment process. *Id.* at (1) & (2); *United States v. Kieffer*, 2010 WL 2231806, * 3 (D.N.D., April 28, 2010), report and recommendation adopted by, *United States v. Kieffer*, 2010 WL 2231804 (D.N.D., May 28, 2010).

Like the defendants in three similar Arizona criminal cases, *United States v. Lizarraga*, 2012 WL 5995693 (D. Ariz. Nov. 30, 2012); *United States v. Howard*, 2012 WL 1899862 (D.Ariz. May 24, 2012); *Pedro*, 2011 WL 2262226, at *2, Defendant is simply not entitled to a hearing. Defendant does not raise any of the issues enumerated in 28 U.S.C. § 3202(d)(1)-(3). He does not claim an exemption for his quarterly per capita payments; he does not allege the Government failed to comply with the required statutory procedure; and because the underlying judgment was not entered by default, but rather by Defendant's

- 5 -

guilty plea, docs. 15-16, he does not request the judgment be set aside. Instead, Defendant claims that his quarterly per capita payments should not be garnished to cover the victim's economic losses, but because, in his opinion, he is "making sufficient payments, [and] feels there need not be a change in the payment plan [he] already ha[s]." (Doc. 26) As such, this Magistrate Judge will recommend that Defendant's request for a hearing be denied.

This Magistrate Judge finds that the Government has complied with the FDCPA regarding this application for writ of garnishment. Defendant received actual notice of the writ of garnishment and the Government's Application for Writ of Garnishment directed to the Gila River Indian Community, seeking continuing garnishment of funds belonging to Defendant, a judgment debtor. Moreover, this Magistrate Judge finds that Defendant received fair notice and prior court orders that were reasonably calculated under the circumstances to apprise Defendant of the pendency of this garnishment action and the limited issues for a hearing to be scheduled. *See Memphis Light, Gas & Water Division v. Craft*, 436 U.S. 1 (1978); *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 314 (1950). Defendant has not filed an objection to the Government's Application or Writ of Garnishment and has not requested a hearing asserting one or more of the limited grounds authorized by 28 U.S.C. § 3202(d) for a hearing to be scheduled.

The undersigned Magistrate Judge recommends that the Government's Application for Writ of Garnishment directed to the Gila River Indian Community be granted and that a continuing garnishment judgment be signed and entered herein by the assigned District Judge, granting the continuing garnishment of Defendant's interest in his quarterly per capita payments from the Gila River Indian Community pursuant to Gila River's Revenue Allocation Ordinance, GRIC Code, Title 22, Chapter 13.

In accordance with the foregoing,

**IT IS RECOMMENDED** that the Government's Application for Writ of Garnishment directed to the Gila River Indian Community, seeking continuing garnishment of Defendant's interest in the quarterly per capita payments from the Gila River Indian Community Revenue Allocation Ordinance, GRIC Code, Title 22, Chapter 13, doc. 83, be

- 6 -

**GRANTED.**

**IT IS FURTHER RECOMMENDED** that the Honorable Paul G. Rosenblatt, Senior United States District Judge, issue a disposition order pursuant to 28 U.S.C. § 3205(c)(7), directing the Gila River Indian Community to turn over to the Clerk of this Court the funds identified in the Garnishee's answer. The Government shall lodge a proposed continuing garnishment order or judgment, consistent with this Report and Recommendation, within ten days hereof.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have **(14) fourteen days** from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6, Federal Rules of Civil Procedure. Thereafter, the parties have **(14) fourteen days** within which to file a response to the objections. Failure to file objections timely to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Judge without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any of the Magistrate Judge's factual determinations may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

**IT IS ORDERED** directing the Clerk to mail a copy of this Report and Recommendation to Defendant Anthony Manuel, #87915008, Atwater-CA-USP, U.S. Penitentiary, P.O. Box 019001, Atwater, CA 95301.

Dated this 8th day of July, 2013.

Lawrence O. Anderson
United States Magistrate Judge